KREBS, Plaintiff, v. VIGOR et, Defendants.

Common Pleas Court, Franklin County.

No. 201266.   Decided May 5, 1958.

Lane, Huggard & Alton, for plaintiff.
Samuel Devine, Pros. Atty., for defendants.

## OPINION

By SATER, J.

This motion for a temporary restraining order was submitted on the pleadings and oral testimony of four witnesses: the plaintiff and his son, the administrative head of the defendant Board of Education, and the Franklin County Drainage Supervisor.

In 1915 there was duly constructed in Pleasant Township a drainage ditch commencing on the land of Emma Rouff and meandering east and north across, inter alia, plaintiff's land until it finally empties into Hellbranch Run; the assessments for its construction had long ago been paid. Thus it is not only an "old ditch" (Taylor, etc. v. Crawford, 72 Oh St 560, 563); it is also one available for use by all affected property owners along its course. The upper reaches of this ditch are 12 inches in diameter, the lower reaches 30 inches.

Though plaintiff testified that the ditch was too small even when originally constructed, various small lateral ditches, some on plaintiff's own land, have over the years been constructed to empty into it. Indeed, for several years one 10 inch and one 12 inch ditch have extended from the property of the Southwestern Local Board of Education, which adjoins the Emma Ruoff property on the west, to the ditch in question. Recently this Board, whose members are parties defendants here, purchased this last mentioned property and are proceeding to erect a public school building thereon. Construction plans call for waste water drainage into the main ditch in question or the alternative of surface drainage along the lines of nature on the path of least resistance which is likely the route of the same main ditch. The Board has consulted with Emma Ruoff and the County Drainage Engineer, before commencing construction. No party has ever consulted, in order to bring the matter to issue, with the County Commissioners. Asking

for both permanent and temporary injunctive relief against the Board's new lateral connection, plaintiff complains of flooding of his land after hard rains and of accompanying "blow-outs" of drain tile on his land. His reliance on §6131.12 R. C., is not presently in point though it might eventually be quite helpful to all parties concerned.

It may be that when this case is finally heard and determined with regard to permanent relief, a good cause of action may be made. This, we need not here determine. In applying for immediate temporary relief which could well hamstring, if not completely halt construction of the new school building indefinitely, the burden is unusually on plaintiff to "make a case that will recommend itself to the conscience of the court." Commissioners v. Krauss, 53 Oh St 628, 633-634. This burden has not been presently met.

The motion for a temporary restraining order is denied. An appropriate entry may be drawn.